THE STATE OF OHIO, APPELLANT, *v.* BOLAR, APPELLEE.

(No. 53017—Decided July 16, 1987.)

*John T. Corrigan,* prosecuting attorney, and *Roger S. Kramer,* for appellant.

*Alan Rossman,* for appellee.

MARKUS, C.J. The state appeals from the dismissal of the second count of the grand jury's indictment, which charged the defendant with violating R.C. 2913.46(A). The writer of this opinion agrees with the trial court that the cited statute is unconstitutional, albeit for a different reason. The majority of the court concludes that the statute is constitutional and enforceable. Hence, we reverse the dismissal judgment.

R.C. 2913.46(A) provides:

"No individual shall knowingly possess, buy, sell, use, alter, accept, or transfer food stamp coupons in any manner not authorized by the 'Food Stamp Act of 1977,' 91 Stat. 958, 7 U.S.C. 2011, as amended."

The trial court apparently concluded that the federal Act preempted any state legislation, so the federal Supremacy Clause precluded this Ohio statute. All members of this panel disagree with that conclusion. The federal code does create a federal crime for misuse of federal food stamps. Section 2024(b), Title 7, U.S. Code. However, nothing in the federal statute seeks to preclude supplementary enforcement efforts by state authorities pursuant to state criminal laws. Further, potentially differing state enforcement efforts do not impair any congressional purpose in the federal food stamp program.

Indeed, federal administrative regulations expressly encourage cooperating state agencies to refer food stamp abuse cases for criminal prose-

cution under appropriate state statutes. Sections 273.16(a)(2) and (g)(1), Title 7, C.F.R. Absent a clear congressional mandate, the courts should not construe federal statutes to preclude related state action. See, *e.g., CTS Corp.* v. *Dynamics Corp. of America* (1987), 481 U.S. 69, 78-79.

Thus, in appropriate cases Ohio can properly prosecute food stamp violators for various state offenses: *e.g.,* theft (R.C. 2913.02), criminal simulation (R.C. 2913.32), tampering with records (R.C. 2913.42), receiving stolen property (R.C. 2913.51), bribery (R.C. 2921.02), or theft in office (R.C. 2921.41). State law defines each of these offenses, without reference to any federal statute or regulation.

The majority of this panel believes that R.C. 2913.46(A) is equally enforceable, even though it refers to a federal statute. The writer believes that R.C. 2913.46(A) violates the Ohio Constitution as an unlawful delegation of legislative authority.

Only the Ohio General Assembly can exercise this state's legislative authority. Section 1, Article II, Ohio Constitution. It can define crimes by determining the elements for those offenses. *State* v. *Healy* (1951), 156 Ohio St. 229, 239-240, 46 O.O. 110, 114, 102 N.E. 2d 233, 239; *State* v. *Woods* (1983), 8 Ohio App. 3d 56, 8 OBR 87, 455 N.E. 2d 1289. It cannot delegate this important legislative power to another governmental entity. *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65, 29 O.O. 4, 56 N.E. 2d 265.

The legislature can properly authorize another governmental agency to promulgate rules or regulations which further define an offense and thereby implement the statutory purpose. See *State* v. *Switzer* (1970), 22 Ohio St. 2d 47, 51 O.O. 2d 69, 257 N.E. 2d 908 (R.C. 1533.63 validly allows wildlife director to regulate the minimum length of legally possessed fish, even though possession of shorter fish is a crime).

See, also, *State* v. *Messenger* (1900), 63 Ohio St. 398, 59 N.E. 105 (R.S. 4904 validly allowed county commissioners to determine vehicle weight limits, even though driving a vehicle which exceeded those limits was a crime); *State* v. *Reed* (1983), 14 Ohio App. 3d 63, 14 OBR 75, 470 N.E. 2d 150 (R.C. 3719.44 validly allows the state pharmacy board to modify schedules for controlled substances, even though possession of substances in different schedules constitutes different crimes).

However, those rules and regulations must conform to an intelligible principle which the General Assembly established through a legislatively stated policy and fixed standards. *Blue Cross* v. *Ratchford* (1980), 64 Ohio St. 2d 256, 18 O.O. 3d 450, 416 N.E. 2d 614, syllabus. Additionally, there must be a procedure for judicial review to assure that the delegated action conforms to that principle. *Id.; Cleveland* v. *Piskura* (1945), 145 Ohio St. 144, 30 O.O. 340, 60 N.E. 2d 919, paragraph five of the syllabus.

This writer concludes that R.C. 2913.46(A) does not authorize another governmental entity to promulgate rules or regulations which implement an established legislative principle. Rather, it authorizes the United States Congress to define an Ohio offense. The Ohio statute expressly provides that conduct constitutes an Ohio crime if the federal statute disallows it, but is lawful if the federal Act allows it. Moreover, it provides that Congressional amendments to the federal Act redefine Ohio criminal conduct.

For example, if Congress lowers the maximum income level for eligible recipients, presently lawful users would commit an Ohio crime by obtaining food stamps. If Congress further

limits products purchaseable with food stamps, stores would commit Ohio crimes by accepting them for presently covered merchandise. If Congress permits holders to sell food stamps for money, present Ohio crimes would become lawful conduct.

The writer believes that R.C. 2913.46(A) fails to identify any Ohio legislative policy or fixed standards. No judicial review can determine whether Congress conformed to such unidentified state legislative principles. Congress has the power to repeal this Ohio statute by repealing the federal Act, or to change any element of this Ohio crime. Hence, the writer finds that R.C. 2913.46(A) constitutes an unreasonable delegation of state legislative power. Therefore, it is unenforceable. The majority of this panel rejects that view.

Therefore, in accordance with the majority's ruling, we sustain the state's single assignment of error and reverse the trial court's judgment. We remand this case for further proceedings on the charge of violating R.C. 2913.46(A).[1]

*Judgment reversed and cause remanded.*

PATTON and KRUPANSKY, JJ., concur in judgment only.

---

[1] We express no opinion whether a potential conviction for food stamp trafficking merges with the defendant's grand theft conviction on the first count of the indictment. See R.C. 2941.25. Specific facts at the trial or plea on the food stamp trafficking case will control the merger issue, so we cannot resolve it here. Cf. *State* v. *Kent* (1980), 68 Ohio App. 2d 151, 22 O.O. 3d 223, 428 N.E. 2d 453.