THE STATE OF OHIO, APPELLANT, *v.* GILL, APPELLEE.

[Cite as *State v. Gill* (1992), 63 Ohio St.3d 53.]

54

(No. 91–203—Submitted December 10, 1991—Decided February 19, 1992.)

*Lynn C. Slaby,* Prosecuting Attorney, and *Philip D. Bogdanoff,* for appellant.

*Kenneth L. Gibson,* for appellee.

DOUGLAS, J. The issue presented to this court is whether R.C. 2913.46(A) delegates state legislative authority to Congress, in violation of Section 1, Article II of the Ohio Constitution.[1] For the reasons that follow, we find that R.C. 2913.46(A) does not violate Section 1, Article II of the Ohio Constitution.

---

1. Section 1, Article II of the Ohio Constitution provides that legislative authority is conferred upon the General Assembly. Further, the General Assembly cannot delegate that authority to

R.C. 2913.46(A) provides:

"No individual shall knowingly possess, buy, sell, use, alter, accept, or transfer food stamp coupons in any manner not authorized by the 'Food Stamp Act of 1977,' 91 Stat. 958, 7 U.S.C. 2011, *as amended.*" (Emphasis added.)

Appellee contends that the language, " * * * as amended," as used in R.C. 2913.46(A), renders R.C. 2913.46(A) unconstitutional. Appellee argues that by including this language, the General Assembly intended to incorporate all amended versions of the federal law subsequent to the time R.C. 2913.46(A) was enacted. Therefore, urges appellee, the General Assembly delegated its legislative authority to Congress in violation of Section 1, Article II of the Ohio Constitution. We disagree.

In determining the constitutionality of legislative enactments such as the one in the case at bar, we begin with the well-settled principle that all enactments enjoy a strong presumption of constitutionality, and before a court may declare the statute unconstitutional, it must appear beyond a reasonable doubt that the legislation and constitutional provision are clearly incapable of coexisting. *State, ex rel. Dickman, v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. Further, doubts regarding the validity of a legislative enactment are to be resolved in favor of the statute. *State, ex rel. Swetland, v. Kinney* (1982), 69 Ohio St.2d 567, 23 O.O.3d 479, 433 N.E.2d 217.

In 1964, Congress established a comprehensive food stamp program to aid in the fight against hunger and malnutrition. Section 2011 *et seq.*, Title 7, U.S.Code. R.C. 2913.46(A) became effective on July 1, 1983. Prior to this date, the federal food stamp law had been revised. It is clear to us that the General Assembly, by using the language "as amended," did not intend to adopt amendments to the federal law subsequent to the effective date of R.C. 2913.46(A), but, rather, the General Assembly simply intended to incorporate the federal food stamp law as it existed on the date R.C. 2913.46(A) was enacted. Given its common and plain meaning, the language "as amended" does not anticipate amendments to the federal law after July 1, 1983. This is buttressed by the fact that had the General Assembly intended to incorporate the federal law subsequent to the enactment of R.C. 2913.46(A), it certainly knew how to do so. For example, R.C. 2915.01(AA) provides that the " 'Internal Revenue Code' means the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, *as now or hereafter amended.*" (Emphasis added.)

---

any other person or entity, including a federal agency. See *Cleveland v. Piskura* (1945), 145 Ohio St. 144, 30 O.O. 340, 60 N.E.2d 919.

There is a notable distinction between the language used in R.C. 2915.01(AA) and in 2913.46(A). In utilizing the language "as now or hereafter amended," the General Assembly obviously intended to incorporate amendments subsequent to the time R.C. 2915.01(AA) was enacted.

In one of our sister states, the Supreme Court of South Dakota has recognized that the language, "as amended," as used in a state statute incorporating federal law, refers only to the existing federal legislation at the time the state statute was enacted. *Independent Community Bankers Assn. of S. Dakota v. State* (S.D.1984), 346 N.W.2d 737. The court in *Independent Community Bankers* considered whether the state legislature improperly delegated its legislative authority to Congress by providing in a statute (S.B. 256) that the meaning of the term "bank holding company" would be " 'as defined in the Bank Holding Company Act of 1956, *as amended,* 12 U.S.C. Sec. 1841, et seq.' " (Emphasis added.) 346 N.W.2d at 743. The court concluded that S.B. 256 adopted the federal definition of a bank holding company at the time S.B. 256 was enacted and, therefore, the state statute did not delegate state legislative authority to Congress. 346 N.W.2d at 744. The court reasoned that " * * * [t]he language used to incorporate 12 U.S.C. § 1841 et seq., when given its ordinary meaning, indicates an intent to adopt the existing definition. SB 256 adopts the federal definition 'as defined' and 'as amended'; this language is structured in the past tense. * * * " *Id.*

Considering the foregoing, we conclude that a reasonable interpretation of R.C. 2913.46(A) is that the General Assembly intended to prohibit any activity involving food stamps in a manner inconsistent with the federal food stamp law as the federal law read on the date R.C. 2913.46(A) was enacted. The General Assembly may adopt provisions of federal statutes that are in effect at the time the state legislation is enacted. Thus, we hold that R.C. 2913.-46(A) does not constitute an unlawful delegation of state legislative authority, in violation of Section 1, Article II of the Ohio Constitution.

Appellee further contends that to interpret and limit R.C. 2913.46(A) as incorporating Section 2011, Title 7, U.S.Code, as it read on the date R.C. 2913.46(A) was enacted, would create an unworkable situation. Appellee argues that since the enactment of R.C. 2913.46(A), the federal food stamp law has been revised and some present lawful recipients would commit an Ohio crime by obtaining food stamps.

Appellee makes a valid point. However, to avoid this problem, the General Assembly may update and revise R.C. 2913.46(A) to incorporate amended versions of the federal food stamp law.

The judgment of the court of appeals is reversed, and the trial court's judgment is reinstated.

*Judgment reversed.*

MOYER, C.J., HOLMES, H. BROWN and RESNICK, JJ., concur.

SWEENEY and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. I must respectfully dissent. My review of the pertinent law on this subject reveals no support for the position taken by the majority. It almost goes without saying that it is an accepted principle that the General Assembly cannot delegate legislative power to an agency of the federal government. In *Belden v. Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph one of the syllabus states that "[t]he legislative power of the state is vested in the General Assembly by Section 1, Article II of the Constitution and that body may not abdicate or transfer to others the essential legislative functions with which it is vested."

In the case before us the General Assembly set forth no guidelines and imposed no limitations on the statute before us, and, in my view, clearly delegated the determination of what constitutes a criminal offense in this area to the Secretary of Agriculture and the Congress of the United States. I cannot improve on the reasoning enunciated by Judge Markus in the case of *State v. Bolar* (1987), 39 Ohio App.3d 194, 530 N.E.2d 940:

"Only the Ohio General Assembly can exercise this state's legislative authority. Section 1, Article II, Ohio Constitution. It can define crimes by determining the elements for those offenses. *State v. Healy* (1951), 156 Ohio St. 229, 239–240, 46 O.O. 110, 114, 102 N.E.2d 233, 239; *State v. Woods* [1982], 8 Ohio App.3d 56, 8 OBR 87, 455 N.E.2d 1289. It cannot delegate this important legislative power to another governmental entity. *State, ex rel. Foster, v. Evatt* (1944), 144 Ohio St. 65, 29 O.O. 4, 56 N.E.2d 265. The legislature can properly authorize another governmental agency to promulgate rules or regulations which further define an offense and thereby implement the statutory purpose. See *State v. Switzer* (1970), 22 Ohio St.2d 47, 51 O.O.2d 69, 257 N.E.2d 908 (R.C. 1533.63 validly allows wildlife director to regulate the minimum length of legally possessed fish, even though possession of shorter fish is a crime). See, also, *State v. Messenger* (1900), 63 Ohio St. 398, 59 N.E. 105 (R.S. 4904 validly allowed county commissioners to determine vehicle weight limits, even though driving a vehicle which exceeded those limits was a crime); *State v. Reed* (1983), 14 Ohio App.3d 63, 14 OBR 75, 470 N.E.2d 150 (R.C. 3719.44 validly allows the state pharmacy board to modify schedules for controlled substances, even though possession of substances in different schedules constitutes different crimes).

"However, those rules and regulations must conform to an intelligible principle which the General Assembly established through a legislatively stated policy and fixed standards. *Blue Cross v. Ratchford* (1980), 64 Ohio St.2d 256, 18 O.O.3d 450, 416 N.E.2d 614, syllabus. Additionally, there must be a procedure for judicial review to assure that the delegated action conforms to that principle. *Id.; Cleveland v. Piskura* (1945), 145 Ohio St. 144, 30 O.O. 340, 60 N.E.2d 919, paragraph five of the syllabus.

"This writer concludes that R.C. 2913.46(A) does not authorize another governmental entity to promulgate rules or regulations which implement an established legislative principle. Rather, it authorizes the United States Congress to define an Ohio offense. The Ohio statute expressly provides that conduct constitutes an Ohio crime if the federal statute disallows it, but is lawful if the federal Act allows it. Moreover, it provides that Congressional amendments to the federal Act redefine Ohio criminal conduct. For example, if Congress lowers the maximum income level for eligible recipients, presently lawful users would commit an Ohio crime by obtaining food stamps. If Congress further limits products purchasable with food stamps, stores would commit Ohio crimes by accepting them for presently covered merchandise. If Congress permits holders to sell food stamps for money, present Ohio crimes would become lawful conduct.

"The writer believes that R.C. 2913.46(A) fails to identify any Ohio legislative policy or fixed standards. No judicial review can determine whether Congress conformed to such unidentified state legislative principles. Congress has the power to repeal this Ohio statute by repealing the federal Act, or to change any element of this Ohio crime. Hence, the writer finds that R.C. 2913.46(A) constitutes an unreasonable delegation of state legislative power. Therefore, it is unenforceable." *Id.* at 195–196, 530 N.E.2d at 941–942.

There is no question in my mind that the court of appeals was correct in holding that the words "as amended" meant that the statute was intended to apply to future as well as past federal laws and regulations. A legion of our sister states have held that any attempt to incorporate future enactments of Congress into state criminal statutes is an unlawful delegation of legislative power.[2]

---

2. *State v. Rodriquez* (Fla.1978), 365 So.2d 157, and *State v. Williams* (1978), 119 Ariz. 595, 583 P.2d 251. See, also, *State v. Urquhart* (1957), 50 Wash.2d 131, 310 P.2d 261; *Brock v. Superior Court* (1937), 9 Cal.2d 291, 71 P.2d 209; *Dawson v. Hamilton* (Ky.1958), 314 S.W.2d 532; *State v. Grinstead* (1974), 157 W.Va. 1001, 206 S.E.2d 912; *Cheney v. St. Louis Southwestern Ry. Co.* (1965), 239 Ark. 870, 394 S.W.2d 731.

I find it difficult to overlook the plain fact that the General Assembly intended to make Ohio law conform to the federal laws relating to use, transfer, or sale of food stamps. To suggest that we simply delete the words from the statute is to rewrite same. It is quite apparent as Congress changes the law that Ohio law remains fixed and could very well make unlawful that which the federal law permits or allow that which the federal law prohibits. The majority suggests that the General Assembly should continually re-adopt the federal law every time it is amended. This, of course, overlooks the fact that federal law *has been amended several times since the passage of R.C. 2913.46(A)*. The record demonstrates that the General Assembly has not once considered a bill adopting any of the federal amendments made since the passage of the state Act. Appellant makes reference to *State v. Rodriquez* (Fla.1978), 365 So.2d 157, and *State v. Williams* (1978), 119 Ariz. 595, 583 P.2d 251. However, these cases did not consider statutes which contained the phrase "as amended."

Appellee correctly points out that "[t]he bulk of amendments to the Food Stamp Act of 1977 have been to expand eligibility for the program and to expand the programs themselves * * *. The income levels for qualifications have been changed and new categories of eligible recipients have been added." As I read the majority opinion and its practical application, thousands of Ohio citizens who are made eligible for the food stamp program by federal amendments adopted *after* the enactment of R.C. 2913.46 would be in violation of Ohio's criminal statute for possessing food stamp coupons which they were ineligible to receive under the federal law which was in effect at the time of the enactment of R.C. 2913.46. I cannot join an opinion that would accomplish this result and certainly do not believe that this was intended by the legislature.

Having said all this, there is one area where I heartily agree with the majority and that is the General Assembly should at the earliest possible date update and revise R.C. 2913.46(A) to incorporate the amended version of the federal food stamp law. Otherwise, the result of the decision today will be chaos.

For the reasons indicated, I would affirm the well-reasoned opinion of the court of appeals.

SWEENEY, J., concurs in the foregoing dissenting opinion.