This is an appeal from a judgment of sentence entered by Judge William J. Coyne. Kenneth Steele contends that it was error to deny him the right to withdraw his guilty pleas to rape and gross sexual imposition; that the evidence produced at his sexual predator hearing was insufficient to support classifying him as one; that he did not have effective assistance of counsel at the sexual predator hearing; and that the adjudication provisions of R.C. 2950 suffer from constitutional flaws. We disagree and affirm.
Based upon alleged criminal activity involving a female under the age of 13 which occurred over a three-year period between November 20, 1990 and November 23, 1993, Steele was indicted, in September 1998, on twenty counts of rape by force or threat of force, in violation of R.C. 2907.02, and twenty counts of gross sexual imposition, in violation of R.C. 2907.05. The state charged these counts under the statutes as each existed prior to the effective date of S.B. 2.
On the trial date of February 1, 1999, Steele agreed to withdraw his pleas of not guilty, if the State would delete the by force or threat of force language in the rape indictment on Count 1[1] and recommend that Counts 2 through 19 be nolled or dismissed. It also recommended that the gross sexual imposition charges contained in Counts 26 through 40 be nolled or dismissed upon Steele's guilty plea to the five gross sexual imposition charges contained in Counts 21 through 25.
After personally addressing Steele in accordance with Crim.R. 11(C)(2), the judge informed him that a sexual offender hearing would be held at the time of his sentencing and of the mandatory registration and reporting requirements upon a determination that he is a sexual offender. The judge then accepted Steele's guilty pleas and referred the matter to the probation department for a presentence investigation.
On the date of sentencing, February 22, 1999, the judge indicated that several days earlier he had received the following undated letter from Steele:
 Sir My name is Kenneth Steele and on 2-1-99, I entered a plea of guilty on one count of rape and five counts of gross sexualimposition.I am requesting to withdraw my plea to not guilty.
 I ask this because I am innocent of the charges against me. I also felt intimitated [sic] by my lawyer to enter that plea.
 I am not saying he did this intentionally but on every meeting between him and myself he always stressed that mine was a hard case to defend and if the prosecution came with a lesser charge I should consider taking it.
 Since I have never been in serious trouble with the law before and the nature of the charges against me and the pressure of my lawyer I erred in my judgement and now I feel the correct thing to do is go to trial.
 I am also asking for the dissmissal [sic] of my lawyer because it seems to me he is not interested in trying to defend me.
 I make this statement on the fact that he never really started to work on my case until two week's [sic] before I was to go to trial. I was indited [sic] 9-23-98 and on 1-12-99 he finally brings me my motion of discovery and bill of particulars after I asked for those items on every meeting, there are also other times that I requested to aid in my defense that I haven't had a chance to study because he did not tell me he had them til the day of my trial.
 And thinking back not once in the meetings between us did he ever mention of winning my case.
 These are the reasons why I ask to withdraw my plea, and also the dismissal of my lawyer. Respectfully /s Kenneth M. Steele
After hearing, the judge denied Steele's motion to withdraw his plea, and sentenced him to 9 to 25 years on Count 1, one year each on Counts 21 and 22 to run concurrent with each other but consecutive to Counts 1, 23, 24, and 25, and one year each on Counts 23, 24, and 25 to run concurrent with each other but consecutive to Counts 1, 21, and 22. Steele was also found to be a sexual predator. From his judgment of sentence Steele appealed.
The first assignment of error states:
 I.THE TRIAL COURT ERRED IN VIOLATION OF MR. STEELE'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, TO THE OHIO CONSTITUTION AND AS CODIFIED UNDER CRIMINAL RULE 32.1 WHEN IT REFUSED TO WITHDRAWAL [sic] HIS PREVIOUSLY ENTERED GUILTY PLEA WHERE A PROPER MOTION WAS FILED PRIOR TO SENTENCE.
Steele admits that, while his trial lawyer has a reputation for quality representation of individuals, he failed to timely obtain discovery which prevented Steele from review of documents critical to his plea until the day of trial. He also argues that the judge did not fully and fairly investigate his claim about his trial lawyer's performance and, instead, tried to convince him that it was a bad idea to withdraw the plea. Most importantly, he contends he is innocent. The State counters that Steele presented nothing more that a mere change of heart which is not enough to allow withdrawal.
Crim.R. 32.1 provides that [a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Before sentencing, a judge should freely allow and treat liberally a properly made motion to withdraw a guilty plea. State v. Sabatino (1995), 102 Ohio App.3d 483, 487, 657 N.E.2d 527, appeal not allowed (1995), 74 Ohio St.3d 1443, 656 N.E.2d 344.
A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph one of the syllabus. When considering a motion to set aside a plea the trial court should consider the following: (1) whether there is prejudice to the prosecution; (2) whether the accused is represented by highly competent counsel; (3) whether a full Crim.R. 11 hearing took place; (4) whether a full hearing on the motion took place; (5) whether the court gave full and fair consideration to the motion; (6) whether the motion was made in a reasonable time; (7) whether the motion states specific reasons for withdrawal; (8) whether the accused understood the nature of the charges and the possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense. State v.Pinkerton (Sept. 23, 1999), Cuyahoga App. Nos. 75906, 75907, unreported, citing, in part, State v. Fish (1995), 104 Ohio App.3d 236, 661 N.E.2d 788. A mere change of heart is insufficient justification to withdraw a guilty plea. State v. Drake (1991), 73 Ohio App.3d 640, 645, 598 N.E.2d 115.
The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Xie,62 Ohio St.3d 521 at paragraph two of the syllabus. "`[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" State v. Jenkins (1984), 15 Ohio St.3d 164, 222,473 N.E.2d 264, quoting Spalding v. Spalding (1959), 355 Mich. 382,384-385, 94 N.W.2d 810, 811-812.
Steele's argument here, as well as that asserted below, is that his trial lawyer did not share with him, until shortly before trial, whether he investigated the leads Steele had given him regarding possible documentary evidence. The purported evidence related to Steele's employment records and would be the basis for a challenge that he did not reside with the victim's family on the exact dates which fell within those alleged in the indictment. What is unclear from the record and the argument presented here is how this purported evidence related to his plea and why the trial lawyer's alleged untimeliness in sharing this information constitutes a reasonable and legitimate basis for the withdrawal of the plea. Xie, 62 Ohio St.3d at paragraph one of the syllabus.
Moreover, it is clear that Steele was given a full and fair hearing on both the merits of his motion to withdraw his plea and request to appoint a new attorney. Steele had indicated, at the time he entered his plea, that he was satisfied with his trial lawyer's representation and later that he knew his trial attorney did not intentionally try to intimidate him into accepting a plea. Indeed, Steele indicated that he would agree, he wanted the same lawyer to represent him at trial should the judge permit him to withdraw his pleas. Based upon Steele's representations, the judge could reasonably conclude that his motion was based upon nothing more than a change of heart. Drake, 73 Ohio App.3d at 645.
Under the circumstances and argument presented here, we cannot find that the judge abused his discretion when he denied Steele's motion to withdraw the guilty plea. This assignment of error is overruled.
The second assignment of error states:
 II. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES BECAUSE THE PROSECUTOR DID NOT PROVIDE ANY EVIDENCE TO THE TRIAL COURT.
Steele argues that the state provided no evidence but only argued the reasons why it thought Steele should be found a sexual predator. He contends the judge relied solely upon information contained in the file, including the presentence report and such reliance inappropriately dispenses with the statutory requirement that the burden of proof be satisfied by clear and convincing evidence submitted at the hearing. The State counters these arguments, noting that Steele's repeated conduct with the victim over a three-year period fully supports the determination.
A sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). When determining whether a defendant is a sexual predator, the judge must consider all relevant factors, including, but not limited to, the factors set forth in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Thus, while R.C. 2950.09(B)(2) requires that a judge consider all factors relevant to a sexual predator determination, it does not require that all factors must be satisfied to make such a determination. State v.Gregory (Sept. 30, 1999), Cuyahoga App. No. 74859, unreported, citing State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
After reviewing all of the evidence, the judge then determines by clear and convincing evidence whether the offender is a sexual predator. R.C.2950.09(B)(3). The standard of `clear and convincing evidence' is defined as `that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54, quoting Cross v. Ledford (1954),161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.
In reviewing a judge's determination based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence was presented to satisfy the requisite degree of proof. Schiebel, 55 Ohio St.3d at 74, 564 N.E.2d 54, citing Ford v.Osborne (1887), 45 Ohio St. 1, 12 N.E. 526, paragraph two of the syllabus; State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported. If the judgment is supported by some competent, credible evidence going to all the essential elements of the case, it will not be reversed. Schiebel, 55 Ohio St.3d at 74. An appellate court should not substitute its judgment for that of a judge when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by him. Id.
Because Steele did not object to the judge's reliance on the presentence report, he has waived all but plain error. State v. Cook
(1998), 83 Ohio St.3d 404, 426, 700 N.E.2d 570. However, a judge may depend upon reliable hearsay, such as a presentence investigation report, when making a sexual predator determination. Id. at 425 (holding that, in accordance with Evid.R. 101(C), Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings). Based upon the following, we cannot find plain error.
In the predator hearing, both the prosecutor and Steele's lawyer presented argument but no evidence on the issue. The judge noted that Steele's lawyer had reviewed the presentence report, absent the recommendations, and then stated, for the record, the information gleaned from the report. The thirty-five year old Steele had a prior criminal record involving a 1996 conviction for carrying a concealed weapon, and a 1998 conviction of criminal damaging and endangering, for which he served terms of probation. The alleged sexual criminal acts occurred when the victim was between seven and ten years old; that Steele inserted his penis into her vagina at least 50 times; that Steele inserted his penis into her anus between 10 and 15 times; that Steele touched her vagina and breasts with his hands at least 50 times; that Steele made the victim touch his penis with her hands approximately 50 times; and that Steele threatened to kill her father if she told anyone about the assaults. The judge concluded that, although there was but a single victim, there were multiple violations of the law which exhibited a demonstrated pattern of abuse. The judge also noted that Steele did not use drugs or alcohol to impair the victim and that he did not suffer from a mental illness or mental disability.
Based upon Steele's age, the victim's age, the period of time during which Steele committed the offenses, the nature and pattern of the sexual contact, and the threat to kill the victim's father, this court concludes that there was sufficient evidence to satisfy the clear and convincing evidence standard and demonstrate that Steele was likely to engage in the future in one or more sexually oriented offenses. R.C. 24905.09(B)(3). Therefore, this argument is overruled.
Steele also argues that the doctrines of res judicata or collateral estoppel apply to preclude this court, had we found merit on his second assignment of error, from remanding this matter for re-sentencing on the sexual predator specification. Because we do not remand this matter, this issue is moot and we will not address it. App.R. 12(A)(1)(c).
The third assignment of error states:
 III. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS AND HIS RIGHT TO COUNSEL AS CODIFIED AT R.C. § 2950.09(B) BECAUSE HIS TRIAL COUNSEL WAS INEFFECTIVE AT THE SEXUAL PREDATOR HEARING
Here Steele contends that his lawyer's representation was objectively unreasonable and prejudicial because the dearth of argument, and complete failure to present witnesses or evidence, shows he was not prepared. Moreover, he claims that a true conflict of interest existed between counsel and his client. The state responds that this assignment is fueled by nothing other than general criticism since Steele has not explained or identified the evidence he claims his lawyer should have introduced at the hearing.
This Court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. State v. Tollivar (July 31, 1997), Cuyahoga App. No. 71349, unreported; see State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258, 111 L.Ed.2d 830. Under Strickland, a reviewing court will not deem the lawyer's performance ineffective unless the defendant can show that his performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 at paragraph one of the syllabus. Judicial scrutiny of the defense lawyer's performance must be highly deferential, and the reviewing court must refrain from second-guessing his trial strategy. State v. Sallie (1998),81 Ohio St.3d 673, 674, 693 N.E.2d 267; State v. Williams (1991),74 Ohio App.3d 686, 695, 600 N.E.2d 298, 304, dismissed, motion overruled (1991) 62 Ohio St.3d 1463, 580 N.E.2d 784. `[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.' Bradley, 42 Ohio St.3d at 142,538 N.E.2d at 379-380, quoting Strickland, 466 U.S. at 689.
To show prejudice resulting from his lawyer's performance, the defendant must prove that, if not for the lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Bradley, supra at paragraph three of the syllabus; State v.Girts (1997), 121 Ohio App.3d 539, 559, 700 N.E.2d 395, discretionary appeal not allowed (1997), 80 Ohio St.3d 1424, 685 N.E.2d 237.
Steele has failed to satisfy the first prong of the Strickland test because he has not explained nor shown how his lawyer's representation fell below an objective level of reasonableness. Contrary to Steele's assertion his lawyer did, in fact, argue that Steele should not be labeled a sexual predator. In addition, we can only conclude, based upon the record before us, that his lawyer's decision to forego putting on evidence was purely a matter of strategy. Sallie, 81 Ohio St.3d at 674;Williams, 74 Ohio App.3d at 695. Finally, the record does not disclose nor has Steele explained the existence of a true conflict of interest between him and his lawyer. This assignment of error is overruled.
The fourth assignment of error states:
 IV. THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A SEXUAL PREDATOR BECAUSE THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE THE ADJUDICATION PROVISION OF R.C. § 2950.09 ARE SYSTEMATICALLY [sic, systemically] FLAWED.
Steele complains of three unconstitutional, systemic flaws in the sentencing scheme which create an unacceptable risk of inaccurate and unfair determinations in sexual predator hearings in violation of the due process clauses of the state and federal constitutions. First, by requiring the judge to make sexual predator adjudication years before an offender is released, the State does not contemplate whether the offender will receive treatment or counseling during imprisonment or whether some physical condition or illness might minimize the risk of re-offending. The second flaw is the lack of adequate guidance on application of the statutory sentencing factors. Finally, the third systemic flaw is the failure to place the burden of proof on the State, leaving it to the judge to determine by clear and convincing evidence whether an offender is a sexual predator. The State, counters that this court has already determined that R.C. 2950.09 comports with constitutional due process requirements.
While Steele does not specifically assert as such, it appears his argument is based upon substantive, not procedural, due process concerns. A substantive due process claim requires the denial of a specific freedom protected by the Bill of Rights or the denial of a fundamental liberty interest like the right to marry, the right to have children, the right to marital privacy, and others. See Washington v. Glucksberg (1997),521 U.S. 702, 720, 117 S.Ct. 2258, 2267, 138 L.Ed.2d 772. [T]he Fifth andFourteenth Amendments' guarantee of `due process of law' * * * include[s] a substantive component, which forbids the government to infringe certain `fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest. Reno v. Flores (1993), 507 U.S. 292, 301-302,113 S.Ct. 1439, 1447, 123 L.Ed.2d 1, citing Collins v. Harker Heights
(1992), 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261; Unitedstates v. Salerno (1987), 481 U.S. 739, 746, 107 S.Ct. 2095, 2101,95 L.Ed.2d 697; Bowers v. Hardwick (1986), 478 U.S. 186, 191,106 S.Ct. 2841, 2844, 92 L.Ed.2d 140 (1986); see, also, Akron v. Rasdan (1995),105 Ohio App.3d 164, 172-173, 663 N.E.2d 947.
"`Substantive due process' analysis must begin with a careful description of the asserted right, for `[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.'" Flores, 507 U.S. at 302,113 S.Ct. at 1447, quoting Collins, supra, 503 U.S. at 125,112 S.Ct. at 1068. In Fabrey v. McDonald Village Police Dept. (1990), 70 Ohio St.3d 351,639 N.E.2d 31, the Supreme Court set forth the standard for enactments that do not involve a fundamental right. Under the Ohio Constitution, an enactment comports with due process `if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary.' Id. at 354, quotingBenjamin v. Columbus (1957), 167 Ohio St. 103, 110, 4 O.O.2d 113, 117,146 N.E.2d 854, 860, citing Piqua v. Zimmerlin (1880), 35 Ohio St. 507,511. Federal due process is satisfied if there is a rational relationship between a statute and its purpose. Fabrey, 70 Ohio St.3d at 354, citingMartinez v. California (1980), 444 U.S. 277, 283, 100 S.Ct. 553, 558,62 L.Ed.2d 481, 488.
When determining whether a specific legislative enactment is unconstitutional, we begin with the well-settled principle that all enactments enjoy a strong presumption of constitutionality, and before a court may declare the statute unconstitutional, it must appear beyond a reasonable doubt that the legislation and constitutional provision are clearly incapable of coexisting. State v. Gill (1992), 63 Ohio St.3d 53,55, 584 N.E.2d 1200, citing State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. Further, a court must resolve doubts about the validity of a legislative enactment in favor of the statute. Gill, 63 Ohio St.3d at 55, citing State ex rel. Swetland v. Kinney (1982), 69 Ohio St.2d 567, 23 O.O.3d 479, 433 N.E.2d 217.
Steele's first argument, the unfairness of holding a sexual predator hearing at the time of sentencing rather than before release from sentence, lacks merit. Under the statute, Steele has the option of petitioning, no earlier than one year before his release from prison, for a determination that he is no longer a sexual predator. R.C. 2950.09(D). Therefore, there is no unfairness in holding the sexual predator hearing at the time of Steele's sentencing rather than before he is released from his prison term.
Regarding the second argument about the lack of guidance in making the sexual predator determination, Steele has not identified the fundamental right upon which he believes the statute impinges nor has he explained how the statute impinges upon that right. Because Steele has not identified the fundamental right or rights at stake, we apply the rational relationship standard. We note that the Supreme Court of Ohio has determined that the statute is remedial rather than punitive. Statev. Cook (1998), 83 Ohio St.3d 404, 423, 700 N.E.2d 570. [T]he determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Id. at 425.[2] InCook, the Supreme Court noted that the notification provisions recognize that the risk of recidivism is higher among sex offenders than any other type of criminal, and the correspondingly high risk that sexual predators and habitual sex offenders pose to society. Id. at 413 (discussing Retroactivity Clause, Section 28, Article II, of Ohio Constitution). As such, registration and notification serve a paramount governmental interest to protect the safety and general welfare of the citizens of this state. See id. at 417.
Steele asserts, however, that the factors are unconstitutionally "void for vagueness." See, e.g., Smith v. Goguen (1974), 415 U.S. 566, 573 
nn. 7-8, 94 S.Ct. 1242, 1247 nn. 7-8, 39 L.Ed.2d 605 (legislatures must set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement). In the unreported case of State v. Lance (Feb. 13, 1998), Hamilton App. C-970301, C-970282, C-970283, affirmed in part and dismissed in part, (1998), 84 Ohio St.3d 17, 701 N.E.2d 692, the First District Court of Appeals applied the vague in all its applications test when faced with the same argument asserted here. The First District determined that the factors provide the court with minimal guidelines, even though they may be weighed in favor of or against an offender being classified as a sexual predator. They do not permit a `standardless sweep' that allows the court to pursue its own `personal predilections.' Lance, supra,
quoting Kolender v. Lawson (1983), 461 U.S. 362, 358, 103 S.Ct. 1855,1858, 75 L.Ed.2d 903. While the Lance panel based its analysis upon its assumption that the statute was a criminal statute rather than regulatory one, see Cook, 83 Ohio St.3d at 418-419, we find it persuasive. Therefore, his second argument is overruled.
Finally, Steele contends that the statute violates notions of due process because it does not place the burden of proof upon the state and does not identify who bears the burden of persuasion. Again, he has neither identified the fundamental right upon which he rests this argument nor explained how that right is impinged by the application of R.C. 2950.09(B)(3) as written. While the statute provides that the judge shall determine by clear and convincing evidence whether the offender is a sexual predator, R.C. 2950.09(B)(3), we think it implicit that the State has the burden of producing such testimony and evidence of the factors set forth in R.C. 2950.09(B)(2) which satisfies that quantum of proof upon which a judge renders his decision. Our opinions have assumed as much. E.g., State v. Johnson (Sept. 30, 1999), Cuyahoga App. 74841, unreported. Steele's fourth assignment of error is overruled.
For his fifth assignment of error, Steele argues:
 V. THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A SEXUAL PREDATOR BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1
AND 2 OF ARTICLE 1 OF THE OHIO CONSTITUTION.
Steele complains that the classification as a predator, and the ninety-day verification, personal appearance, and independent compliance requirements, are unreasonable or arbitrary because it interferes with private rights beyond the necessity of the situation. In support of this assignment of error, he asks this panel to adopt the holding of the Eleventh District Court of Appeals in State v. Williams (Feb. 2, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal allowed (1999),86 Ohio St.3d 1406, 711 N.E.2d 233, and find that R.C. 2950 is an unconstitutional exercise of the state's police powers. The State answers that this court has repeatedly rejected a criminal defendant's request to apply the Williams decision.
The Supreme Court, in State v. Williams (2000), 88 Ohio St.3d 515,728 N.E.2d 342, overruled the Lake County holding and has found Steele's contentions without merit. We overrule Steele's fifth assignment of error.
Judgment affirmed.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ ANNE L. KILBANE, JUDGE
TERRENCE O'DONNELL, P.J., AND JAMES M. PORTER, J., CONCURRING IN JUDGMENT ONLY.
[1] This made Count 1 a non-probationable, first-degree felony offense rather than a life offense.
[2] The statute defines no new criminal offense, except to the extent that a person subject to the statute may incur a criminal penalty for failing to either register with the county sheriff, give notice of a change of address and register the new address, and periodically verify the address. R.C. 2950.99 (referring to R.C. SS 2950.04-.06). The punishment flows from a failure to register. Cook, 83 Ohio St.3d at 421. Steele does not challenge the registration portion of the statute. If an offender believes these registration offenses are not sufficiently defined, he or she may challenge them when prosecuted for failing to comply. See Washington v. Confederated Bands and Tribes of Yakima Indian Nation (1979), 439 U.S. 463, 468 n. 5, 99 S.Ct. 740, 745 n. 5,58 L.Ed.2d 740.