NATIONAL ASSOCIATION OF FORENSIC COUNSELORS et al., Appellees,

v.

FLEMING, Dir., Ohio Department of Alcohol
and Drug Addiction Services, Appellant.

[Cite as *Natl. Assn. of Forensic Counselors v. Fleming* (2001), 143 Ohio App.3d 811.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–9.

Decided Jan. 11, 2001.

*Squire, Sanders & Dempsey, L.L.P., William M. Todd, Michael R. Reed* and *Greg R. Wehrer,* for appellees.

*Betty D. Montgomery,* Attorney General, and *Ann E. Henkener,* Assistant Attorney General, for appellant.

KENNEDY, Judge.

Defendant-appellant, Luceille Fleming, the Director of the Ohio Department of Alcohol and Drug Addiction Services, appeals the decision of the Franklin County Court of Common Pleas that resolved cross-motions for summary judgment in

favor of plaintiffs-appellees, National Association of Forensic Counselors and James A. Coleman. At issue in this appeal is the constitutionality of R.C. 3793.07.

Pursuant to R.C. 3793.07, the Ohio Department of Alcohol and Drug Addiction will submit Medicare and Medicaid reimbursement requests only for chemical dependency counselors who have been credentialed by the Ohio Credentialing Board for chemical dependency professionals ("OCB"), a private, nonprofit corporation. The statute provides:

"* * * [T]he department of alcohol and drug addiction services shall accept the certification or credentials of an individual who is a member of the profession of alcoholism counseling, drug abuse counseling, or chemical dependency counseling, or an individual who is an alcoholism or drug abuse prevention consultant or specialist *only if the individual is certified by or holds credentials from the Ohio credentialing board for chemical dependency professionals.*" (Emphasis added.) R.C. 3793.07(B).

The OCB is a member of the International Certification and Reciprocity Consortium/Alcohol and Other Drug Abuse, Inc. ("ICRC") and follows the certification standards imposed by ICRC. Forty-three states and several countries recognize ICRC's credentialing standards.

The statute further provides the Director of the Ohio Department of Alcohol and Drug Addiction Services with the following procedure if she determines that the OCB's credentials do not serve the public interests:

"If the director of alcohol and drug addiction finds that the public interest is not being served by acceptance of certifications and credentials issued by the Ohio credentialing board for chemical dependency professionals, the director shall make a written request to the council on alcohol and drug addiction services for authority for the department to establish a certification or credentialing program or accept certifications or credentials from an entity designated by the department.

"If it determines that there is substantial evidence to support the director's finding, the council, by resolution, shall authorize the department to establish a certification or credentialing program or to accept certifications or credentials from an entity designated by the department, or both. The council shall issue copies of its resolution to the director and to the Ohio credentialing board for chemical dependency professionals.

"On receipt of the resolution, the department shall, by rule adopted pursuant to Chapter 119. of the Revised Code, establish a certification or credentialing program or designate an entity from which it will accept certifications or credentials, or both. The rules are not subject to the council's review. The rules

shall include standards for certification or issuance of credentials. * * *" (R.C. 3793.07[D].)

James Coleman is a chemical dependency counselor. In 1992, Coleman applied to the OCB for a chemical dependency counselor's certification. Coleman has since taken the OCB test five times, but he has yet to achieve a sufficient grade to earn the OCB's certification. Coleman is a member of the National Association of Forensic Counselors ("NAFC"), a nationwide corporation that provides training to chemical dependency professionals who work in the criminal justice system. Coleman holds an NAFC-issued chemical dependency counselor certificate. The educational, testing, and experiential requirements for a NAFC-issued certificate are not the same as the requirements of an OCB-issued certificate. OCB does not recognize NAFC's chemical dependency counselor's certification. Accordingly, Coleman's credentials are not acceptable under R.C. 3793.07 for purposes of Medicare and Medicaid reimbursement.

NAFC and Coleman sought a declaratory judgment that R.C. 3793.07 violates Section 1, Article II of the Ohio Constitution because it is an improper delegation of authority to a private entity, the OCB. The trial court agreed and granted summary judgment in NAFC and Coleman's favor. On appeal, Director Fleming raises the following three assignments of error:

"1. The common pleas court erred as a matter of law by failing to determine that utilizing the credentialing of an internationally recognized credentialing body is a permissible standard for the legislature to set.

"2. The common pleas court erred as a matter of law by failing to find that the review process in R.C. 3793.07(D) is an effective review process.

"3. The common pleas court erred as a matter of law by failing to recognize that credentialing under R.C. 3793.07 is not the equivalent of a professional licensure, and persons denied credentialing are not entitled to equivalent due process rights."

Appellate review of summary judgment motions is *de novo. Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183,

677 N.E.2d 343, 345. For the reasons that follow, we reverse the judgment of the trial court.

By her first two assignments of error, appellant contends that the trial court erred in concluding that R.C. 3793.07 is an unconstitutional delegation of legislative power. We address the first and second assignments of error together.

■■■■ "A statute is presumed to be constitutional and every reasonable presumption will be made in favor of its validity." *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.* (1999), 87 Ohio St.3d 325, 328, 720 N.E.2d 901, 904. "[B]efore a court may declare [a] statute unconstitutional, it must appear beyond a reasonable doubt that the legislation and constitutional provision are clearly incapable of coexisting." *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200, 1201. "[A]ny doubt as to constitutionality is resolved in favor of the validity of the statute." *State ex rel. Haylett* at 328, 720 N.E.2d at 904.

■■■■ Section 1, Article II of the Ohio Constitution provides that "[t]he legislative power of the state shall be vested in a General Assembly consisting of a senate and house of representatives." The Ohio Supreme Court has long recognized that, under certain circumstances, the Ohio legislature may delegate its power without running afoul of Section 1, Article II of the Ohio Constitution. The general rule is that, in order for a delegation to comport with the constitution, "the Legislature must establish the policy of the law by adopting standards." *Matz v. J.L. Curtis Cartage Co.* (1937), 132 Ohio St. 271, 280, 8 O.O. 41, 45, 7 N.E.2d 220, 225. However, "a statute does not unconstitutionally delegate legislative power if it establishes, through legislative policy and such standards as are practical, an intelligible principle to which the * * * body must conform and further establishes a procedure whereby exercise of the discretion can be reviewed effectively. Ordinarily, the establishment of standards can be left to the administrative body * * * if it is reasonable for the General Assembly to defer to the * * * body's expertise." *Blue Cross v. Ratchford* (1980), 64 Ohio St.2d 256, 260, 18 O.O.3d 450, 453, 416 N.E.2d 614, 618.

■■■ R.C. 3793.07 is a proper delegation of legislative power. In deferring to the OCB for the credentialing of chemical dependency counselors, the legislature has expressed a policy of embracing the educational, testing, and experiential requirements imposed by the OCB, provided that those requirements continue to serve the public interest.

Although the legislation does not outline specific credentialing standards, we conclude that a more specific expression of standards would be impractical and unnecessary, as we believe that it is reasonable for the legislature to rely on the OCB's expertise in formulating requirements that reflect industry standards in this dynamic field. Indeed, specific standards would defeat the purpose of

utilizing the OCB's expertise. See *Matz* at paragraph seven of the syllabus (noting that, when legislated standards "would defeat the legislative object sought to be accomplished, legislation conferring * * * discretion may be valid and constitutional without such restrictions and limitations"). Although Director Fleming testified that it would be possible for the legislature to insert the OCB standards into the statute, we conclude that such action is not required by the Constitution.

Finally, we conclude that R.C. 3793.07(D) established an adequate procedure for review to ensure that the credentialing process continues to meet the legislative policy of serving the public interest. The Director of the Department of Alcohol and Drug Addiction Services is empowered with ongoing discretion to review OCB's credentialing process. Appellees argue that the review provided in R.C. 3793.07(D) is inadequate because it could only be exercised in the case of a "wholesale rejection of the entire organization" and because the Director "has no authority to review *any* credentialing decisions" made by OCB. We disagree with these characterizations. Nothing in R.C. 3793.07(D) prevents the Director from reviewing any aspect of OCB credentialing. Under the language in the statute, the Director has the authority to request changes in the credentialing process whenever she determines that the credentialing does not serve the public interest, a determination that she could make at any time.

We conclude that R.C. 3793.07 meets the requirements for a constitutional delegation to the OCB. We therefore sustain appellant's first and second assignments of error.

In her third assignment of error, appellant contends that the trial court erroneously concluded that credentialing applicants are entitled to certain due process rights. In their responsive brief, however, appellees note that "[t]he words 'due process' * * * appear nowhere in Judge Watson's opinion. * * * Due process simply was not at issue." We agree, and we therefore overrule as moot appellant's third assignment of error.

For the foregoing reasons, we sustain appellant's first and second assignments of error and reverse the judgment of the trial court. Appellant's third assignment of error is overruled as moot.

*Judgment reversed.*

PEGGY BRYANT, P.J., and DESHLER, J., concur.