JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated calendar is to allow the appellate court to render a brief and conclusory opinion. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
 {¶ 2} After entering pleas of no contest to three citations issued to him by police officers of plaintiff-appellant the City of Cleveland following a one-car accident in which he was injured severely enough to be hospitalized, defendant-appellant Daniel Dames was convicted of driving under the influence of alcohol ("DUI"), failure to control his vehicle, and driving without a safety belt. Dames now appeals from the order of the trial court that denied his motion to suppress evidence of his blood alcohol content level ("BAC").
 {¶ 3} In his assignment of error, Dames does not challenge the facts surrounding his convictions; rather, he argues only that R.C.2317.02, the statute pursuant to which the city obtained the medical records that contained information revealing his BAC, is unconstitutional. He claims the statute violates his constitutional right to privacy. This court disagrees.
 {¶ 4} In Ohio, legislative enactments enjoy a strong presumption of constitutionality; therefore, doubts regarding the validity of an enactment generally should be resolved in favor of the statute. State v.Gill (1992), 63 Ohio St.3d 53. The physician-patient privilege is a creature of statute, rather than a constitutional right. State v.Desper, 151 Ohio App.3d 208, 2002-Ohio-7176, citing State v. Webb,70 Ohio St.3d 325, 344; 1994-Ohio-425, appeal denied State v. Desper,98 Ohio St.3d 1540, 2003-Ohio-1946.
 {¶ 5} R.C. 2317.02 deems the physician-patient privilege is waived in certain specified circumstances. Cleveland v. Rollins, Cuyahoga App. No. 79614, 2002-Ohio-1087. In thus limiting the waiver, the statute complies with constitutional privacy interests. Whalen v. Roe (1977),429 U.S. 589.
 {¶ 6} Pursuant to the terms of R.C. 2317.02, a defendant in a DUI case effectively has consented to a waiver of his right of privacy to the results of diagnostic tests that were given at a time relevant to that criminal offense. Cleveland v. Rollins, supra; State v. Grohowski (Sept. 30, 1996), Lucas App. No. L-95-292. This presumption, viz., that a patient who has committed a criminal offense has consented to waive the privilege, distinguishes the statute from the unconstitutional program reviewed in Ferguson v. Charleston (2001), 532 U.S. 67. Middletown v.Newton (1998), 125 Ohio App.3d 540.
 {¶ 7} For the foregoing reasons, Dames' argument that R.C.2317.02 is an unconstitutional violation of his right to privacy is rejected. His assignment of error, accordingly, is overruled.
Judgment affirmed.
Anne L. Kilbane, P.J. and Sean C. Gallagher, J. concur.