[Cite as *State v. Ziemba*, 2012-Ohio-1717.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 25886 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VALERIE R. ZIEMBA | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 05 1214 |

DECISION AND JOURNAL ENTRY

Dated: April 18, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Valerie Ziemba, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I

{¶2} Ziemba applied for and received food assistance and Ohio Works First cash assistance through the Summit County Department of Job and Family Services ("DJFS") from 2007 to 2009. Ziemba represented on her initial application and subsequent eligibility verifications that three of her daughters lived with her. DJFS calculated Ziemba's benefits based on the information she supplied. After Ziemba's former husband notified DJFS that none of the former couple's children resided with Ziemba, DJFS conducted an investigation and learned that Ziemba repeatedly failed to report that her children no longer lived with her as of October 2007. DJFS referred Ziemba's case to its benefit recovery unit, as it determined that she was ineligible for over $14,000 of the benefits she had received.

{¶3} On May 18, 2010, a grand jury indicted Ziemba on the following counts: (1) illegal use of food stamps or WIC program benefits, in violation of R.C. 2913.46(B); (2) theft, in violation of R.C. 2913.02(A)(3); and (3) tampering with records, in violation of R.C. 2913.42(A)(1)(B)(4). The matter proceeded to a jury trial, and the jury found Ziemba guilty on all three counts. The jury further found, as to the first two counts, that the value of the property involved was "$5,000 or more and less than $100,000."

{¶4} The court issued its sentencing entry on March 9, 2011. The court found Ziemba guilty on all three counts in accordance with the jury's verdict and sentenced her to a twenty-four month term of community control.

{¶5} Ziemba now appeals from the trial court's judgment and raises four assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN DENYING RULE 29 MOTIONS FOR ACQUITTAL AS THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR ILLEGAL USE OF FOOD STAMPS OR WIC PROGRAM BENEFITS[.]

{¶6} In her first assignment of error, Ziemba argues that her conviction for the illegal use of food stamps or WIC program benefits is based on insufficient evidence. We disagree.

{¶7} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus; *see also State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

"In essence, sufficiency is a test of adequacy." *Thompkins*, 78 Ohio St.3d at 386.

{¶8} The version of R.C. 2913.46 in effect at the time of Ziemba's indicted offenses read as follows:

> No individual shall knowingly possess, buy, sell, use, alter, accept, or transfer food stamp coupons, WIC program benefits, or any electronically transferred benefit in any manner not authorized by the "Food Stamp Act of 1977," 91 Stat. 958, 7 U.S.C.A. 2011, as amended, or section 17 of the "Child Nutrition Act of 1966," 80 Stat. 885, 42 U.S.C.A. 1786, as amended.

Former R.C. 2913.46(B). "'WIC program benefits' includes money, coupons, delivery verification receipts, other documents, food, or other property received directly or indirectly pursuant to section 17 the 'Child Nutrition Act of 1966,' 80 Stat. 885, 42 U.S.C.A. 1786, as amended." Former R.C. 2913.46(A)(1)(b). Repeated violations of R.C. 2913.46 "over a period of twelve months" represent a course of conduct that may be charged as one offense. Former R.C. 2913.46(A)(2). Whoever violates R.C. 2913.46 is guilty of the illegal use of food stamps or WIC program benefits. Former R.C. 2913.46(D).

{¶9} In 2008, the Food Stamp Act of 1977 was amended so as to: (1) strike the name of the Act and replace it with the "Food and Nutrition Act of 2008"; and (2) replace any references to the food stamp program with references to the supplemental nutrition assistance program. Food, Conservation, and Energy Act of 2008, Pub.L. No. 110-234, Title IV, § 4001(b), 122 Stat. 1092. The General Assembly revised R.C. 2913.46 on October 16, 2009, to reflect the foregoing changes to the federal legislation. Ziemba's indictment, however, tracked the language in the earlier version of R.C. 2913.46 because that was the version in effect at the time of her alleged offenses.

{¶10}  The indictment here charged Ziemba with violating R.C. 2913.46 by engaging in a course of conduct from June 1, 2007, through April 30, 2009.  As set forth above, to obtain a conviction under Former R.C. 2913.46(B), the State was required to prove that Ziemba accepted her benefits in a manner not authorized by the Food Stamp Act of 1977.  Ziemba first argues that the State could not prove that she violated the Food Stamp Act of 1977 after May 22, 2008, because the Act was repealed on that date and no longer existed.  She argues that, as the federal law underlying her charge did not exist as of May 22, 2008, her conviction for illegally using food stamps or WIC benefits in violation of that federal law cannot stand.  She relies upon *State v. Gill*, 63 Ohio St.3d 53 (1992).

{¶11}  In *Gill*, the Ohio Supreme Court considered the constitutionality of R.C. 2913.46 given that the statute incorporated the Food Stamp Act of 1977 "as amended."  *Gill* at 54-55.  The Court determined that the statute was constitutional because the language "as amended" only incorporated amendments to the federal law that took place before R.C. 2913.46's enactment.  *Id.* at 55-56.  Specifically, the Court explained that "by using the language 'as amended,' [the General Assembly] did not intend to adopt amendments to the federal law subsequent to the effective date of R.C. 2913.46[], but, rather, the General Assembly simply intended to incorporate the federal food stamp law as it existed on the date R.C. 2913.46[] was enacted."  *Id.* at 55.  The Court distinguished the phrase "as amended" from the phrase "as now or hereafter amended" and concluded "that a reasonable interpretation of R.C. 2913.46[] is that the General Assembly intended to prohibit any activity involving food stamps in a manner inconsistent with the federal food stamp law as the federal law read on the date R.C. 2913.46[] was enacted."  *Id.* at 56.  Accordingly, each time R.C. 2913.46 is revised, it only incorporates the federal law as it exists on or before the date of R.C. 2913.46's revision.

**{¶12}** Notably, the defendant in *Gill* argued that the interpretation the Court ultimately adopted was "unworkable" because multiple revisions to the federal food stamp law had occurred even after R.C. 2913.46's enactment and, due to the revisions, "some present lawful recipients would commit an Ohio crime by obtaining food stamps." *Id.* The Court acknowledged the defendant's point, but held that the problem could be avoided through further revisions to R.C. 2913.46 "to incorporate amended versions of the federal food stamp law." *Id.*

**{¶13}** Ziemba is incorrect in her assertion that the federal law here did not exist after May 22, 2008. The law still existed on that date; it was simply amended to change its name and add references to the supplemental nutrition assistance program. The amendments did not alter the substance of the crime with which Ziemba was charged. And while the General Assembly did revise R.C. 2913.46 to reflect the revisions to the federal law, it was not able to accomplish that revision until October 16, 2009. The delay is admittedly regrettable, but even a shorter time period would not have allayed Ziemba's claim here. Under Ziemba's construction, for the State to be able to convict her for acts she engaged in from May 22, 2008, (the day the amendments to the federal law took place) through April 30, 2009, (the last day of the time period set forth in Ziemba's indictment), the General Assembly would have had to revise R.C. 2913.46 the same day Congress amended the federal law. That construction is simply not feasible. Further, Ziemba has not shown that she was prejudiced as a result of the State relying upon the former version of the federal law, as the two versions at issue are not substantially different. *See State v. Marzolf*, 9th Dist. No. 24459, 2009-Ohio-3001, ¶ 6-15. We, therefore, reject Ziemba's first argument.

**{¶14}** Next, Ziemba argues that her conviction is based on insufficient evidence because the State failed to prove that she obtained benefits in a manner not authorized by federal law. We disagree.

**{¶15}** The parties stipulated that Karl Ziemba obtained temporary custody of Ziemba's children in April 2007 and that full legal custody in Karl's favor was entered on October 29, 2007. Leslie Dean, a fraud investigator with DJFS, testified that Ziemba received both food stamps and cash benefits for her children, but that she was not eligible for those items once the children were not living with her. Natasha Glover, another DJFS investigator, testified that she investigated Ziemba and determined that Ziemba was not entitled to the amount of benefits she received due to the fact that her children were no longer living with her. Glover specified that Ziemba received food stamps/food assistance as well as Ohio Works First cash assistance. She explained that to be eligible for any cash assistance an applicant must have children in the home and that the amount of any food stamp issuance varies depending on the number of people residing in the home. Glover produced a chart of the difference between what Ziemba actually received in assistance versus what she would have been entitled to receive had DJFS known her children were not living with her. Glover testified that Ziemba received an overage benefit of food stamps/food assistance in the amount of $6,934 and an overage benefit of cash assistance in the amount of $7,493.

**{¶16}** Gail Bell, a case manager for DJFS, testified that she met with Ziemba in person both at the time of Ziemba's initial application for assistance and each time Ziemba renewed her request for assistance. Bell met with Ziemba on March 29, 2007, July 30, 2007, February 14, 2008, August 22, 2008, and February 2, 2009. Ziemba's initial application listed four of her children as members of her household. At the July 30, 2007 meeting and every meeting

thereafter, Ziemba indicated that three of her children were residing in her household and that Karl Ziemba was an absent parent. Bell testified that she read and explained Ziemba's rights and responsibilities under the law when she met with her, as well as the requirement that Ziemba report any household member changes within ten days of the change occurring. Each of the verification forms that Ziemba signed on the foregoing dates contained all her rights and responsibilities and specified that she was required to be truthful in her application for benefits, to report any household changes, and to return any overpaid benefits should it later be determined that she did not meet the eligibility requirements for them. Bell confirmed that Ziemba would not have been eligible for the amount of assistance she actually received had DJFS known her children were no longer living with her.

{¶17} Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded that the State set forth sufficient evidence to show that Ziemba knowingly accepted benefits to which she was not entitled by repeatedly providing DJFS with false information. Ziemba has not provided this Court with any authority for the proposition that the State was required to have one or more of its witnesses affirmatively state that Ziemba's actions violated federal law. *See* App.R. 16(A)(7). Multiple witnesses from DJFS testified that Ziemba was not entitled to the full amount of benefits she received because she misrepresented her eligibility requirements. Ziemba's argument that her conviction for the illegal use of food stamps or WIC program benefits lacks merit. Accordingly, her first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT COMMITTED PLAIN ERROR OF COMMISSION WHEN IT IN EFFECT CHARGED THE JURY IT COULD CONVICT FOR CONDUCT CONTRARY TO A REPEALED STATUTE AND COMMITTED A SEPARATE BUT COMPOUNDING PLAIN ERROR OF OMISSION WHEN IT FAILED TO INFORM THE JURY WHETHER MULTIPLE COUNTS OF AN INDICTMENT CONSTITUTED SEPARATE AND DISTINCT MATTERS[.]

{¶18} In her second assignment of error, Ziemba argues that the trial court committed plain error in instructing the jury. We disagree.

{¶19} Generally, a defendant's failure to object to an allegedly erroneous jury instruction limits any review of the alleged error to a review for plain error. *State v. Johnson*, 9th Dist. No. 25525, 2011-Ohio-3941, ¶ 20. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶20} First, Ziemba argues that the trial court erred by instructing the jury that they could find her guilty of a violation of the Food Stamp Act of 1977. Ziemba's argument encompasses the argument she set forth in her first assignment of error, in which she alleged that the State could not convict her for any activities that occurred after May 22, 2008, the day the federal law was amended. Based on our resolution of Ziemba's first assignment of error, her argument is moot and we decline to address it. App.R. 12(A)(1)(c).

{¶21} Second, Ziemba argues that the court committed plain error by not instructing the jury that it must independently consider the counts in her indictment. Although the trial court did not specifically instruct the jury that it must consider each count separately, the court did instruct the jury that the State had the burden to prove, beyond a reasonable doubt, "every

essential element of the offenses charged in the indictment." The court stated that Ziemba's not guilty plea "put[] in issue or in dispute all of the essential elements of each of the crimes alleged." Moreover, the court separately instructed the jury on each count, as well as the definitions for those counts, and ended its explanation of each count with an instruction that, if the jurors found that the State proved all the essential elements of that count, then their verdict must be guilty. The court also reviewed each of the three separate jury verdict forms with the jury. Based on our review of the record, we conclude that the court did not commit plain error by not instructing the jury that each count was separate and independent. *See Akron v. Martin*, 9th Dist. No. 17286, 1996 WL 11984, *3 (Jan. 10, 1996); *State v. Dykes*, 11th Dist. No. 92-L-078, 1993 WL 548456, *8-9 (Dec. 17, 1993). Ziemba's second assignment of error is overruled.

Assignment of Error Number Three

THE TRIAL COURT VIOLATED CONSTITUTIONAL PROTECTIONS OF DOUBLE JEOPARDY AND COMMITTED PLAIN ERROR WHEN IT FAILED TO MERGE CONVICTIONS FOR ILLEGAL USE OF FOOD STAMPS OR WIC PROGRAM BENEFITS, FOR THEFT AND FOR TAMPERING WITH RECORDS WHERE THE RECORD IS DEVOID OF ANY EVIDENCE THAT APPELLANT HAD ANY SEPARATE ANIMUS FOR EACH OFFENSE[.]

{¶22} In her third assignment of error, Ziemba argues that the trial court erred by convicting her of allied offenses of similar import.

{¶23} Initially, we note that the trial court's sentencing entry here only sentences Ziemba to one term of community control. The court did not attach the community control sanction to any particular count. The Ohio Supreme Court has held that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph one of the syllabus. "Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to

impose only an omnibus sentence for the group of offenses." *Id.* at ¶ 9. Compounding the error here, the parties and the trial court did not discuss the allied offense issue at the time of sentencing.

> In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. Since then, this Court has consistently remanded cases for further proceedings in the trial court to apply *Johnson* for the first time. *See, e.g., State v. Creel*, 9th Dist. No. 25476, 2011-Ohio-5893, ¶ 4.

*State v. Daniels*, 9th Dist. No. 25808, 2011-Ohio-6414, ¶ 12. The State here argues that this Court should not remand this matter because *Johnson* already had been issued at the time the trial court imposed Ziemba's sentence and the parties were charged with notice of the decision. Even so, the allied offense issue still must be addressed because the imposition of multiple sentences for allied offenses of similar import amounts to plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31. This Court cannot determine whether Ziemba's convictions are, in fact, allied offenses of similar import without applying *Johnson*. Because this Court has consistently refused to apply *Johnson* in the first instance, we must remand the matter for the trial court to apply it. *Creel* at ¶ 4. If one or more of the offenses are allied, the State also must have the opportunity to elect the offense(s) upon which it wishes to proceed to sentencing. *Id.* Further, upon remand, the trial court must be cognizant of the bar against the imposition of "an omnibus sentence for [a] group of offenses." *Saxon* at ¶ 9. Ziemba's third assignment of error is sustained.

Assignment of Error Number Four

INEFFECTIVE ASSISTANCE OF APPOINTED TRIAL COUNSEL VIOLATED DOUBLE JEOPARDY PROTECTION AND DENIED FUNDAMENTAL DUE PROCESS TO APPELLANT'S PREJUDICE.

{¶24} In her fourth assignment of error, Ziemba argues that she was denied the effective assistance of counsel. We disagree.

{¶25} To prove an ineffective assistance claim, Ziemba must show two things: (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, Ziemba must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* at 691. Furthermore, this Court need not address both *Strickland* prongs if an appellant fails to prove either one. *State v. Ray*, 9th Dist. No. 22459, 2005-Ohio-4941, ¶ 10.

{¶26} Ziemba argues that her trial counsel was ineffective because she failed to: (1) clearly argue her Crim.R. 29 motions with regard to the State not proving that Ziemba accepted benefits in a manner not authorized by federal law; and (2) object when the court instructed the jury that it could convict Ziemba under a repealed federal law. This Court addressed the arguments underlying Ziemba's ineffective assistance claim in Ziemba's first and second assignments of error and rejected them. Ziemba's conviction for the illegal use of food stamps or WIC program benefits is supported by sufficient evidence and does not constitute a conviction under a repealed law. Consequently, Ziemba cannot demonstrate prejudice as a result of her trial counsel's failure to argue her Crim.R. 29 motions more clearly or object to the court's instruction on the federal law at issue.

{¶27} Ziemba also argues that her trial counsel was ineffective because she did not raise the allied offenses issue. Because Ziemba's sentence must be vacated and the matter must be remanded for a determination of the allied offense issue, however, Ziemba was not prejudiced by her counsel's failure to raise the issue. Ziemba's fourth assignment of error is overruled.

III

{¶28} Ziemba's first, second, and fourth assignments of error are overruled. Ziemba's third assignment of error is sustained and her sentence is reversed pursuant to that determination. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

———————————————————————
BETH WHITMORE
FOR THE COURT


DICKINSON, J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶29} I concur in the majority's judgment. With respect to Ms. Ziemba's first assignment of error, I agree that sufficient evidence was presented to sustain a guilty verdict on the charge of illegal use of food stamps or WIC program benefits.

{¶30} The central premise to Ms. Ziemba's sufficiency argument is not only must the State prove that her conduct violated the Food Stamp Act of 1977, but it must also prove as an essential element to the offense that the act was in force on the date of the alleged violation. Notably, Ms. Ziemba has not provided any authority on this point. In other words, Ms. Ziemba has not provided any authority suggesting that the Ohio legislature cannot choose to criminalize conduct that violates the provisions of a former federal statute.

{¶31} Thus, I am not convinced that the fact that the Food Stamp Act of 1977 was repealed in May 2008 has any effect when analyzing the sufficiency of the evidence. As reflected by the discussion of the testimony in the main opinion, the State presented evidence that Ms. Ziemba's conduct prior to and subsequent to May 2008 violated the Food Stamp Act of 1977; the fact that the Food Stamp Act of 1977 was repealed in 2008 does not change the fact that Ms. Ziemba's conduct, when viewed in a light most favorable to the State, violated the Food Stamp Act of 1977. In addition, Ms. Ziemba also does not address the fact that the State

adduced evidence that her conduct violated the Food Stamp Act of 1977 during a time frame when the act was in effect. Thus, even assuming that Ms. Ziemba's argument has some merit, she has not specifically argued that her conduct before the Food Stamp of Act of 1977 was repealed, for which she was also indicted, was not sufficient to establish a violation of former R.C. 2913.46.

{¶32} In addition, I am not persuaded by Ms. Ziemba's argument that the State had to elicit testimony expressly stating that Ms. Ziemba's conduct violated the Food Stamp Act of 1977, in part, because eliciting such testimony from a witness would essentially usurp the role of the jury. The jury was instructed about the general purpose of the Food Stamp Act of 1977 and of the fact that the Food Stamp Act of 1977 had eligibility requirements. There was testimony that Ms. Ziemba knew what the eligibility requirements were. There was ample testimony that Ms. Ziemba did not meet the eligibility requirements to receive the level of benefits she was receiving. Accordingly, I agree that sufficient evidence was presented.

{¶33} Finally, I agree that Ms. Ziemba has not established the trial court committed plain error in its jury charge. I concur in the majority's judgment.

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.