[Cite as *State v. Asefi*, 2012-Ohio-6101.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO                   C.A. No.     26430

    Appellee

    v.                              APPEAL FROM JUDGMENT
                                          ENTERED IN THE

MARID B. ASEFI              COURT OF COMMON PLEAS
                                          COUNTY OF SUMMIT, OHIO

    Appellant                  CASE No.     CR 11 09 2587 (E)

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

MOORE, Judge.

**{¶1}** Defendant-Appellant, Marid B. Asefi, appeals from the March 7, 2012 judgment of conviction of the Summit County Court of Common Pleas. This Court reverses and remands to the trial court for further proceedings consistent with this decision.

I.

**{¶2}** On June 26, 2011, Mr. Asefi, along with Michael Louthian and Justin Hill, broke into David Allen's house, assaulted him, and stole his property. At the time of the incident, Mr. Allen was seventy-two years old, wheelchair bound, and recovering from a brain tumor. The record indicates that Mr. Asefi, Mr. Louthian, and Mr. Hill broke into Mr. Allen's house, confronted him, and left the premises empty-handed. Minutes later, the three men returned to his home, dumped Mr. Allen out of his wheelchair, kicked him in the head, and left him lying unconscious on the floor where he remained for two days. At that time, Mr. Asefi, Mr. Louthian,

and Mr. Hill stole several items from Mr. Allen's home. Due to his injuries, Mr. Allen will remain in a care facility for the rest of his life.

{¶3} The Summit County Grand Jury indicted Mr. Asefi on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), one count of aggravated robbery in violation of R.C. 2911.01(A)(3), one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of grand theft in violation of R.C. 2913.02(A)(1), and one count of theft from an elderly person in violation of R.C. 2913.02(A)(1). By way of a plea agreement, Mr. Asefi pleaded guilty to aggravated burglary and aggravated robbery, and the State dismissed the other counts. The trial court sentenced Mr. Asefi to ten years of incarceration on the aggravated burglary conviction, and ten years of incarceration on the aggravated robbery conviction, to run consecutively with each other, and to run consecutively with his conviction for robbery in Portage County Case Number 2011CR0458, for a total of 25 years of incarceration.

{¶4} Mr. Asefi timely appealed, and raises one assignment of error for our consideration.

II.

## ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED IN SENTENCING [MR. ASEFI] TO CONSECUTIVE SENTENCES FOR AGGRAVATED ROBBERY AND AGGRAVATED BURGLARY BECAUSE THE OFFENSES WERE COMMITTED WITH THE SAME COURSE OF CONDUCT AND ANIMUS AND [WERE] THEREFORE [] ALLIED OFFENSES OF SIMILAR IMPORT.

{¶5} In his sole assignment of error, Mr. Asefi argues that it was plain error for the trial court to fail to merge his convictions for aggravated burglary and aggravated robbery, as these offenses are allied offenses of similar import.

**{¶6}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 44, the Supreme Court of Ohio held that, in determining whether two offenses are allied offenses of similar import, "the conduct of the accused must be considered." The court must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct," and, if so, then "the court must determine whether the offenses were committed by the same conduct, i.e. 'a single act, committed with a single state of mind.'" (Emphasis sic.) *Id.* at ¶ 48, 49, *quoting State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., concurring). If the same conduct constituted both offenses, then they must be merged. *Johnson* at ¶ 50. Failure to merge allied offenses of similar import constitutes plain error, and prejudice exists even where a defendant's sentences are to run concurrently because "a defendant is prejudiced by having more convictions than are authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31.

**{¶7}** Upon reviewing the transcript from the sentencing hearing, there is no indication that the trial court considered *Johnson* and the issue of merger. *See State v. Chisholm*, 9th Dist. No. 26007, 2012-Ohio-3932, ¶ 21. When the trial court pronounced Mr. Asefi's consecutive sentences of ten years on the aggravated burglary conviction, and ten years on the aggravated robbery conviction, he did not object to the trial court's failure to merge these offenses. However, Mr. Asefi is not precluded from making this argument on appeal, even though no discussion proceeded below as to "whether the offenses can be and were committed by the same conduct." *See State v. Brautigam*, 9th Dist. No. 26134, 2012-Ohio-2599, ¶ 8, citing *Underwood* at paragraph one of the syllabus, (holding that a defendant may make an allied offense argument for the first time on appeal), and *Johnson* at ¶ 49.

{¶8}    Consistent with this Court's precedent, we decline to apply the *Johnson* analysis in the first instance. *See State v. Ziemba*, 9th Dist. No. 25886, 2012-Ohio-1717, ¶ 23. Therefore, this matter must be remanded to the trial court in order to determine whether the aggravated burglary and aggravated robbery offenses were allied and should be merged. Moreover, in the event that the offenses are allied, "the State also must have the opportunity to elect the offense[ ] upon which it wishes to proceed to sentencing." *Ziemba* at ¶ 23.

{¶9}    Accordingly, Mr. Asefi's sole assignment of error is sustained.

### III.

{¶10}  The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                                    _____
                                                    CARLA MOORE
                                                    FOR THE COURT

BELFANCE, J.
BROGAN, J.
CONCUR.

(Brogan, J., retired, of the Second District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.