[Cite as *State v. Long*, 2013-Ohio-251.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.   26441 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONANTONIO K. LONG | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 11 12 3389 (A) |

DECISION AND JOURNAL ENTRY

Dated: January 30, 2013

MOORE, Judge.

{¶1}   DonAntonio K. Long appeals from the April 27, 2012 judgment of conviction of the Summit County Court of Common Pleas.  We reverse.

I.

{¶2}   This matter stems from a shooting that took place in the early morning hours of November 27, 2011.  Antonio Grimes was shot in his right arm by an individual riding in the passenger seat of a car outside of his sister's apartment.  Mr. Grimes' sister, Dream Williams, identified Mr. Long as the shooter.  The Akron police arrested Mr. Long and searched his home for evidence of the crime.  During their search, the police found a blue tote in Mr. Long's bedroom closet containing a .22 caliber revolver and a .22 caliber pistol, with corresponding ammunition, along with a box of ammunition for a .38 caliber handgun on the top shelf.

{¶3}   The Summit County Grand Jury indicted Mr. Long on one count of felonious assault in violation of R.C. 2903.11(A)(1)/(2), with two firearm specifications, and one count of

having weapons while under disability in violation of R.C. 2923.13(A)(2)/(3). The State later supplemented its indictment to include another count of having weapons while under disability, in violation of R.C. 2923.13(A)(2)/(3). Mr. Long pleaded not guilty and the matter proceeded to a jury trial. The jury found Mr. Long not guilty of felonious assault and the firearm specifications, but found him guilty of two counts of having weapons while under disability. The trial court sentenced Mr. Long to two years of incarceration on each count of having weapons while under disability, to run consecutively, for a total of 4 years of incarceration.

{¶4} Mr. Long timely appealed, and raises one assignment of error for our consideration.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DETERMINING THAT [MR. LONG'S] TWO CONVICTIONS FOR HAVING WEAPONS WHILE UNDER DISABILITY WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT FOR THE PURPOSES OF SENTENCING.

{¶5} In his sole assignment of error, Mr. Long argues that the trial court erred in failing to merge his two convictions for having weapons while under disability, as these offenses are allied offenses of similar import. Specifically, Mr. Long argues that (1) he acquired the two guns while under disability by the same conduct, and (2) he obtained the guns with a single state of mind; to protect himself and his girlfriend from future harm.

{¶6} In response, the State argues that it was not possible for Mr. Long to commit both offenses with the same conduct because he had two handguns in his possession; a revolver and a pistol. Further, the State contends that Mr. Long could not possess the revolver by possessing the pistol and vice-versa.

**{¶7}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 44, the Supreme Court of Ohio held that, in determining whether two offenses are allied offenses of similar import, "the conduct of the accused must be considered." The court must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct," and, if so, then "the court must determine whether the offenses were committed by the same conduct, i.e. 'a single act, committed with a single state of mind.'" (Emphasis sic.) *Id.* at ¶ 48, 49, quoting *State v. Brown*, 119 Ohio St. 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., concurring). If the same conduct constituted both offenses, then they must be merged. *Johnson* at ¶ 50. Failure to merge allied offenses of similar import constitutes plain error, and prejudice exists even where a defendant's sentences are to run concurrently because "a defendant is prejudiced by having more convictions than are authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31. In this case, the trial court ran Mr. Long's sentences consecutively.

**{¶8}** Mr. Long testified regarding his acquisition of the two guns as follows:

* * *

Q. Okay. You told Detective Mara you didn't own any guns but you had two guns?

A. Yeah.

Q. What did you mean by that?

A. Because I didn't actually purchase those guns. I had called a friend and asked him, you know, to be able to keep them there just in case, you know, if they're accusing me of shooting this guy, I don't really know—they know where I stay at. I can't go nowhere [sic]. I'm on house arrest. I might sneak out an hour or two, but I can't literally stay over at my friend's or sister's or something.

I was like, "This is going on, you know. I need a little help. Can you help?"

And he like, "Yeah, I got you."

He brought over this bag. That stuff that you found in my room was in there. I was kind of preparing myself not to be killed.

\* \* \*

However, at sentencing, the trial court determined that Mr. Long's convictions for having weapons while under disability were not allied offenses of similar import and should not merge. The trial court stated:

> I, on review, having heard the evidence find that the offenses are not of similar import. They were not, as your attorney argues, committed by the same act. You owned each or had in your possession each gun separately. Therefore, I think that each offense merits a separate sentence.

**{¶9}** As stated above, in determining whether two offenses are allied offenses of similar import, "the conduct of the accused must be considered." *Johnson* at ¶ 44. We note that, post-*Johnson*, there has been an absence of case law analyzing whether multiple counts of having weapons while under disability are allied offenses. However, pre-*Johnson*, this Court, along with other Ohio Courts of Appeal, considered these offenses to be allied. In *State v. Thompson*, 46 Ohio App.3d 157, 159 (9th Dist.1988), this Court stated:

> In *State v. Sharpe*, we addressed this precise point of law. In *Sharpe* we held that the simultaneous possession of weapons by one under disability is but one offense. Also, we held that, assuming arguendo that possession of each weapon constituted a separate offense, the offenses would be allied offenses of similar import pursuant to R.C. 2941.25(A) and as such the defendant could be convicted of but one offense.

(Internal citations omitted.) Additionally, in *State v. Creech*, 188 Ohio App.3d 513, 2010-Ohio-2553, ¶ 24, quoting *State v. Pitts*, 4th Dist. No. 99CA2675, 2000 WL 1678020, \*13 (Nov. 6, 2000), the Fourth District Court of Appeals stated that "'a defendant's simultaneous possession of several weapons in one location at one time is a continuous, indivisible act. Thus, the simultaneous, undifferentiated possession of weapons by a person under a disability constitutes only one offense and not separate offenses for each weapon.'" Although *Johnson* mandates that this Court consider Mr. Long's conduct in determining whether his offenses are allied, as we so do, we also find guidance in *Thompson* and *Creech*.

{¶10} Here, in considering the first prong of *Johnson* and whether it was possible for Mr. Long to commit both offenses with the same conduct, we look to Mr. Long's testimony for guidance. Mr. Long testified that, upon learning of the Grimes shooting and the speculation that he was involved, he called a friend and asked him to bring over some guns so that he would have them for his protection. Additionally, Mr. Long testified that his friend delivered the guns in a bag, which the police later found in his bedroom closet. The bag contained a revolver, pistol, and ammunition.

{¶11} Based upon the record before us, and the pre-*Johnson* case law holding that the possession of multiple weapons can constitute one continuous, indivisible act, we conclude that it was possible for Mr. Long to commit both crimes, i.e. possession of two handguns, with the same conduct; simultaneously taking possession of the two guns while under disability. *See Pitt* at *13. As such, the first prong of *Johnson* is satisfied.

{¶12} Next, in considering the second prong of *Johnson*, whether Mr. Long actually committed both offenses with a single state of mind, we again look to his testimony. The record indicates that Mr. Long took possession of both guns in order to protect himself and his girlfriend from any future retaliation associated with the Grimes shooting. He testified that both he and his girlfriend had been shot in the past, and, in possessing the guns, he "was kind of preparing [himself] not to be killed." Also, the record indicates that both guns were found in the same location: a bag inside of Mr. Long's closet.

{¶13} Based upon the record before us, we conclude that Mr. Long actually committed both offenses of having weapons while under disability with a single state of mind: self-protection. *Creech* at ¶ 24. As such, the second prong of *Johnson* is satisfied.

**{¶14}** Therefore, because these offenses should have merged pursuant to *Johnson*, the trial court erred in sentencing Mr. Long to four years of imprisonment on both of his convictions for having weapons while under disability. This matter must be remanded to the trial court for the State to elect which offense it wishes to proceed with at sentencing. *See State v. Ziemba*, 9th Dist. No. 25886, 2012-Ohio-1717, ¶ 23.

**{¶15}** Mr. Long's sole assignment of error is sustained.

III.

**{¶16}** The judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                      _____
                                        CARLA MOORE
                                        FOR THE COURT

BELFANCE, J.
BROGAN, J.
CONCUR.

(Brogan, J., retired, of the Second District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

THOMAS M. DICAUDO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.