[Cite as *State v. Culp*, 2013-Ohio-5799.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26188 |
| | | |
| Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| RICHARD A. CULP | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 11 01 0018 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2013

CARR, Presiding Judge.

{¶1}    Appellant, Richard Culp, appeals the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}    The horrific circumstances of this case emanate from events that took place from December 11, 2010, to December 12, 2010.  Subsequently, on January 12, 2011, Culp was indicted by the Summit County Grand Jury on five counts of rape with repeat violent offender and sexually violent predator specifications accompanying each count, as well as one count of kidnapping with a repeat violent offender specification and a sexual motivation specification.  Culp pleaded not guilty to the charges at arraignment, and the matter proceeded to a jury trial.  The jury found Culp guilty of the rape and kidnapping charges, and the accompanying sexual motivation specification.  The jury also found Culp to be a sexually violent predator as alleged with each of the five counts of rape in the indictment.  After a separate bench trial, Culp was also

found to be a repeat violent offender as alleged with each underlying count in the indictment. Culp received a prison sentence of 50 years to life.

{¶3} Culp filed a direct appeal to this Court. On November 21, 2012, this Court issued a decision affirming Culp's convictions. *State v. Culp*, 9th Dist. Summit No. 26188, 2012-Ohio-5395.

{¶4} On February 14, 2013, Culp filed an application to reopen his direct appeal on the basis that appellate counsel failed to assign as error that Culp was convicted of allied offenses of similar import. The State filed a memorandum in opposition to the motion. On April 2, 2013, this Court issued a journal entry granting the application. Culp now raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES OF TEN YEARS TO LIFE IMPRISONMENT FOR RAPE WITH SEXUALLY VIOLENT PREDATOR SPECIFICATIONS AS A MATTER OF LAW, AND THEREBY FAILING TO ADDRESS THE ISSUE OF MERGER OF THESE COUNTS AS ALLIED OFFENSES OF SIMILAR IMPORT.

{¶5} In his sole assignment of error, Culp argues that the trial court committed plain error by failing to analyze whether the five counts of rape in this case were allied offenses of similar import. Culp contends that this matter must be remanded for the trial court to conduct an allied offenses analysis pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. This Court agrees.

{¶6} R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶7} In *Johnson*, 2010-Ohio-6314, the Supreme Court of Ohio clarified the application of R.C. 2941.25. Specifically, the court overruled *State v. Rance*, 85 Ohio St.3d 632 (1999), "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25. [Now w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at ¶ 44. The trial court must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct[.]" *Id*. at ¶ 48. If the trial court answers that question in the affirmative, "the court must determine whether the offenses were committed by the same conduct, i.e. 'a single act, committed with a single state of mind.'" *Id*. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., concurring). The Supreme Court has further held that the "[f]ailure to merge allied offenses of similar import constitutes plain error, and prejudice exists even where a defendant's sentences are to run concurrently because 'a defendant is prejudiced by having more convictions than are authorized by law.'" *State v. Asefi*, 9th Dist. Summit No. 26430, 2012-Ohio-6101, ¶ 6, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31.

{¶8} Having reviewed the record, it is apparent that the trial court did not conduct an analysis pursuant to *Johnson* in this case to determine whether the five counts of rape constituted allied offenses of similar import. While the trial court discussed a variety of legal issues at the sentencing hearing, it never made the initial determination regarding whether, pursuant to *Johnson*, the conduct at issue in this case constituted allied offenses pursuant to R.C. 2941.25.

This Court has consistently declined to undertake that analysis in the first instance. *See State v. Chisholm*, 9th Dist. Summit No. 26007, 2012-Ohio-3932, ¶ 22. Accordingly, this matter must be remanded solely on the basis that the trial court must make the initial determination of whether Culp was convicted of allied offenses pursuant to standard set forth in *Johnson*.

{¶9} Culp's sole assignment of error is sustained.

III.

{¶10} Culp's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the caused remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

 

 

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.